UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| REC AMERICAS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and CHRISTOPHER MAGNUS, COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION,<br><br>    Defendants. | Court No. 22-cv-00314 |

**COMPLAINT**

Plaintiff, REC Americas LLC ("REC Americas" or "Plaintiff"), by and through the undersigned counsel, alleges the following for its Complaint against the United States, acting by and through U.S. Customs and Border Protection ("CBP") and Christopher Magnus (and his predecessors), Commissioner of CBP (collectively "Defendants"):

1. This action concerns Defendants' unlawful imposition and assessment of certain safeguard duties on imports of Crystalline Silicon Photovoltaic ("CSPV") solar cells and modules pursuant to Presidential Proclamation 10101, which came into effect on October 25, 2020.[1] *See Proclamation to Further Facilitate Positive Adjustment to Competition from Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020) ("*Proclamation 10101*"). Proclamation 10101 revoked an exclusion for bifacial CSPV solar panels, published in U.S. Note 18(c)(iii)(15) to Chapter 99, of the Harmonized Tariff Schedule of the United States (2020) ("HTSUS"), from a safeguard measure that was initially announced on January 23, 2018, and increased the duty rate

---

[1] For purposes of this Complaint, "solar cells." "solar modules," and "solar panels" are used interchangeably.

for all CSPV modules imported between February 7, 2021, through February 6, 2022, *i.e.*, the fourth year of the safeguard measure, from 15% to 18%. *See id.*

2.   *Presidential Proclamation 9693* is the genesis of the safeguard measures at issue here. That proclamation, issued under Section 203(a)(3) of the Trade Act of 1974, as amended (the "Trade Act," 19 U.S.C. § 2253), imposed safeguard duties on CSPV modules for a four-year period that commenced on February 7, 2018. *See Proclamation to Further Facilitate Positive Adjustment to Competition from Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled into Other Products) and for Other Purposes*, 83 Fed. Reg. 3,541 (Jan. 23, 2018) ("*Proclamation 9693*"). On June 13, 2019, bifacial solar modules were excluded from these tariffs. *See Exclusion of Particular Products from the Solar Products Safeguard Measure*, 84 Fed. Reg. 27,684, 27,685 (USTR June 13, 2019) ("*Bifacial Exclusion*").

3.   President Trump acted outside of the authority delegated to him under Section 204(b)(1)(B) of the Trade Act when he, through *Proclamation* 10101, imposed and assessed the additional safeguard duties. Specifically, Section 204(b)(1)(B) of the Trade Act, the statutory authority President Trump invoked to revoke the bifacial exclusion and increase safeguard duties, only permits trade-liberalizing modifications. *See* 19 U.S.C. § 2254(b)(1)(B). As such, *Proclamation 10101* and the related trade-restricting modifications are not a valid exercise of the presidential power authorized by the Trade Act.

4.   On November 16, 2021, this Court held that *Proclamation 10101* was unlawful; set it aside as "null and void;" enjoined Defendants from effectuating or otherwise enforcing *Proclamation 10101* pending the conclusive and final disposition of the applicable, underlying case; and ordered Defendants refund the *SEIA*-plaintiffs all safeguard duties collected pursuant to *Proclamation 10101*, plus interest. *See Solar Energy Indus. Ass'n v. United States*, 553 F. Supp.

3d 1322, 1343–44 (Ct. Int'l Trade 2021) ("*SEIA*"), appeal docketed, No. 22-1392 (Fed. Cir. Jan. 24, 2022).

5.  To comply with the *SEIA* court's judgment, on December 28, 2021, CBP suspended liquidation of (i) all entries that entered between February 7, 2021, and February 6, 2022, under subheadings 9903.45.22 and 9903.45.25, HTSUS and (ii) "any entries of bifacial solar panels entered between October 25, 2020 and February 6, 2022, under HTS 9903.45.25 or any other HTS classification[,]" that it had identified. *See CSMS No. 50525157 - Guidance: Suspension of Liquidation in Pending Section 201 Litigation, CIT No. 20-03941* (Dec. 28, 2021).

6.  On February 4, 2022, President Biden signed *Proclamation 10339*, which reinstated the bifacial exclusion and the 15% safeguard duty applicable to CSPV modules, effective as of February 7, 2022. *To Continue Facilitating Positive Adjustment to Competition from Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled into Other Products)*, 87 Fed. Reg. 7,537 (Feb. 9, 2022).

7.  As the U.S. importer of record, Plaintiff deposited and paid the safeguard duties imposed by *Proclamation 10101*. As a result, during the relevant period, Plaintiff spent over a million dollars on Section 201 duties and related costs which, aside from representing a significant financial hardship, also negatively impacted Plaintiff's operations, reputation, and efforts to support the U.S. green energy market.

8.  Defendants' actions, it follows, caused Plaintiff actual and particularized harm. REC Americas, as such, seeks a declaration that *Proclamation 10101* is unlawful because it violates the Trade Act of 1974, as applied to REC Americas. Plaintiff also asks the Court order Defendants to refund (with interest) the safeguard duties it collected from Plaintiff under *Proclamation 10101*, notwithstanding liquidation status.

Court No. 22-cv-00314                                                             Complaint

## JURISDICTION

9. The Court possesses "exclusive jurisdiction" over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue," "embargoes and other quantitative restrictions," and the "administration and enforcements" of the aforementioned. 28 U.S.C. § 1581(i)(1)(B)–(D).

10. The safeguard measures at issue here include both a tariff-rate quota and certain additional duties on solar modules, as well as a challenge to Defendants' enforcement and administration of the same. This action, as such, arises out of a law described in 28 U.S.C. § 1581(i)(1)(B)–(D).

11. Furthermore, the Court may review presidential action pursuant to Section 201, insofar as it gives rise to a controversy involving international trade and foreign affairs, for a "clear misconstruction of the governing statute, a significant procedural violation, or action outside delegated authority." *See Maple Leaf Fish Co. v. United States*, 762 F.2d 86, 89 (Fed. Cir. 1985).

## PARTIES

12. Plaintiff is a California limited liability company that imported and continues to import solar modules. REC Americas was a member of the Solar Energy Industries Association when that entity filed its complaint in the *SEIA* case on December 29, 2020.

13. Defendant United States is the federal government of the United States that received the disputed tariffs and enforced the embargoes or other quantitative restrictions.

14. Defendant CBP is an executive agency of the U.S. Government that collects duties on imports and enforces the embargoes or other quantitative restrictions. CBP assessed and collected the safeguard duties at issue here.

15.     Defendant Christopher Magnus is the current Commissioner of CBP, and is sued in his official capacity.  Relevant here, Commissioner Magnus and his predecessors—Troy A. Miller (Acting CBP Commissioner) and Mark A. Morgan (serving from 2019 to 2021)—oversees / oversaw the collection of duties under *Proclamation 10101*.

## STANDING

16.     Plaintiff has standing to sue because it is "adversely affected or aggrieved by agency action within the meaning of" the Administrative Procedure Act.  *See* 5 U.S.C. § 702; 28 U.S.C. § 2631(i) ("Any civil action of which the Court of International Trade has jurisdiction . . . may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of Section 702 of title 5.").  Specifically, as an importer of record for CSPV products affected by *Proclamation 10101*, Plaintiff is responsible for the payment of the unlawful safeguard duties to CBP on solar modules.  Accordingly, Plaintiff is adversely affected and aggrieved by Defendants' actions and has standing to challenge *Proclamation 10101*.

## TIMELINESS

17.     Actions subject to the U.S. Court of International Trade's residual jurisdiction must be commenced "within two years after the cause of action first accrues."  28 U.S.C. § 2636(i).

18.     Plaintiff imported CSPV solar modules subject to *Proclamation 10101* between October 25, 2020 and February 2022.  Plaintiff now contests Defendants' actions that resulted in the unlawful imposition and assessment of tariffs on such products.

19.     Plaintiff's claims, as they relate to Defendants' collection of certain excess safeguard duties under *Proclamation 10101* accrued, at the earliest, on October 25, 2020, when the proclamation came into effect and CBP began collecting the associated duties.  *See generally CBP CSMS No. 45000915-Updated Guidance: Temporary Restraining Order on the Modification*

*of Section 201 Action on Solar Cells and Panels Lifted* (Nov. 27, 2020) (explaining that, "[a]s of October 25, 2020, bifacial solar panels are now subject to Section 201 duties"). More precisely, Plaintiff's claims accrued when *Proclamation 10101* was adversely applied against Plaintiff, and continued with each relevant import Plaintiff entered on or after October 25, 2020, and until the *SEIA*'s judgment was enforced, as each was subject to an unlawful duty demand. This action is therefore timely filed.

## RELEVANT LAW

20. Section 201 of the Trade Act allows the President to impose temporary duties and other trade measures if the U.S. International Trade Commission ("ITC") determines a surge of imports from foreign competition is a substantial cause or threat of serious injury to a domestic industry. *See* 19 U.S.C. §§ 2251–2255.

21. Such safeguard measures have a maximum duration of four years, unless extended by the ITC by-and-through a new determination for another four years. 19 U.S.C. § 2253(e)(1).

22. Section 204 of the Trade Act allows the President to reduce, modify, or terminate import restrictions under Section 201, subject to certain statutory limitations. *See* 19 U.S.C. § 2254(b)(1).

## STATEMENT OF FACTS

23. In response to the ITC's findings that CSPV modules are being imported into the United States in quantities that threaten or constitute a substantial threat to the domestic industry, President Trump imposed a safeguard measure under Section 203(a)(3) of the Trade Act on certain over-quota CSPV products. The safeguard measure was intended to last for a period of four years and would decrease, by five percent, on an annual basis. *See Proclamation 9693*, 83 Fed. Reg. at

Court No. 22-cv-00314 **Complaint**

3,548.[2]

24. *Proclamation 9693* also authorized the United States Trade Representative ("USTR") to establish a process to exclude certain products from the Section 201 duties if "the USTR determine[d], after consultation with the Secretaries of Commerce and Energy, that a particular product should be excluded." *Id*. at 3,543–44.

25. On June 13, 2019, USTR granted an exclusion for "bifacial solar panels that absorb light and generate electricity on each side of the panel and that consist of only bifacial solar cells that absorb light and generate electricity on each side of the cells," *see* HTSUS, U.S. note 18 to subchapter III of chapter 99, subdivision (c)(iii)(15), which came into effect the same day. *See Bifacial Exclusion*, 84 Fed. Reg. at 27,684.

26. On two separate occasions (in October 2019 and, again, in April 2020), USTR unsuccessfully attempted to withdraw the aforementioned bifacial exclusion. *See Withdrawal of Bifacial Solar Panels Exclusion to the Solar Products Safeguard Measure*, 84 Fed. Reg. 54,244 (USTR Oct. 9, 2019); *Determination on the Exclusion of Bifacial Solar Panels From the Safeguard Measure on Solar Products*, 85 Fed. Reg. 21, 497 (USTR Apr. 17, 2020).

27. Both attempted withdraws were challenged before this Court by a group of solar importers, purchasers, and consumers, and were ultimately enjoined. *See Invenergy Renewables LLC v. United States*, 422 F. Supp. 3d 1255, 1264 (Ct. Int'l Trade 2019); *Invenergy Renewables LLC v. United States*, 476 F. Supp. 3d 1323, 1356–57 (Ct. Int'l Trade 2020).

28. Following the USTR's two unsuccessful withdrawal attempts, by-and-through

---

[2] The safeguard duties schedule is as follows:
- 30% entries made from February 7, 2018–February 6, 2019;
- 25% on entries made from February 7, 2019–February 6, 2020;
- 20% on entries made from February 7, 2020–February 6, 2021; and
- 15% on entries made from February 7, 2021–February 6, 2022.

*Proclamation 10101*, President Trump re-imposed Section 201 duties on bifacial solar modules by withdrawing the bifacial exclusion and increasing the Section 201 duty rate applicable to CSPV modules imported between February 7, 2021 through February 6, 2022 from 15% to 18%. The President invoked section 204(b)(1)(B) of the Trade Act of 1974 as the basis for his decision.

29. While this Court initially granted a temporary restraining order barring Defendants from enforcing *Proclamation 10101*, that order was lifted on November 19, 2020. *See Invenergy Renewables LLC v. United Sates*, 482 F. Supp. 3d 1344, 1357 (Ct. Int'l Trade 2020).

30. CBP began collecting the duties on bifacial solar modules on October 25, 2020. *See CBP CSMS No. 45000915-Updated Guidance: Temporary Restraining Order on the Modification of Section 201 Action on Solar Cells and Panels Lifted* (Nov. 27, 2020).

31. Approximately one month later, on December 29, 2020, the *SEIA*-plaintiffs instituted a separate court action challenging *Proclamation 10101*. *See SEIA*, 553 F. Supp. 3d at 1329.

32. In *SEIA*, this Court considered various procedural and substantive challenges to *Proclamation 10101* and concluded that, in issuing *Proclamation 10101*, President Trump acted outside his delegated authority under Section 204(b)(1)(B) of the Trade Act because that provision only authorizes trade-liberalizing modifications. *Id. at 1342–43*. Specifically, the CIT observed:

> There is no indication in the statute that Congress intended Section 204 to provide a loophole for the institution of harsher safeguards without the standard procedural restrictions. Conversely, there is every indication that the section was intended to provide an escape hatch from those safeguards where domestic industry has adequately adapted to import competition.

*Id*. at 1340. Accordingly, the Court held that the President acted outside his delegated authority when he withdrew the bifacial solar panels exclusion and increased the safeguard duties. *Id*. at 1343. In so doing, the *SEIA* court set aside *Proclamation 10101* as null and void, enjoined

Defendants' enforcement thereof, and ordered Defendants refund, with interest, all excess safeguard duties the *SEIA*-plaintiffs paid under *Proclamation 10101*. *Id*. at 1343–44.

33. In response to the *SEIA* decision, CBP notified the import community that the "functionality for the acceptance of solar cells (over quota only) and modules at the 15 percent duty rate . . . was available in the Automated Commercial Environment (ACE) as of 7 am eastern standard time, November 16, 2021." *CBP CSMS No. 50263965: Guidance: Section 201 Bifacial Solar Panels Court Order on Presidential Proclamation 10101* (Dec. 2, 2021).

34. On January 24, 2022, Defendants appealed the *SEIA* case to the U.S. Court of Appeals for the Federal Circuit where it is currently pending. *See* Solar Energy Indus. Ass'n v. United States, No. 22-1392 (Fed. Cir. Jan 24, 2022).

35. Plaintiff deposited and paid safeguard duties imposed by the "null and void" *Proclamation 10101*, and requests this Court extend the *SEIA* court's findings to this action and order Defendants refund, with interest, all excess safeguard duties Plaintiff paid under *Proclamation* 10101, notwithstanding the entry's liquidation status.

## STATEMENT OF CLAIMS

### COUNT I

### (VIOLATION OF SECTION 204 OF THE TRADE ACT)

36. The allegations of paragraphs 1 through 35 are hereby incorporated by reference.

37. A presidential action may be set aside if it involves "a clear misconstruction of the governing statute, a significant procedural violation, or action outside delegated authority." *Maple Leaf Fish Co.*, 762 F.2d at 89. The Declaratory Judgment Act authorizes any court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

Court No. 22-cv-00314 <span style="float:right">Complaint</span>

38. To modify the existing safeguard action, the President invoked section 204(b)(1)(B) of the Trade Act. Section 204 of the Trade Act only authorizes trade-liberalizing modifications and cannot be used to impose trade restrictions.

39. In *SEIA*, this Court held that the revocation of the bifacial exclusion and the increase of safeguard duties on CSPV modules constituted an impressible modification of an existing safeguard action and that the President acted outside the authority delegated to him under Section 204 (b)(1)(B). The *SEIA* court set aside *Proclamation 10101* as null and void, enjoined the Government from enforcing Proclamation 10101 and ordered the refund of all safeguard duties collected pursuant to Proclamation 10101. *See SEIA*, 553 F. Supp. 3d at 1343–44.

40. Defendants' collection of safeguard duties from REC Americas pursuant to *Proclamation 10101* is, as such, unlawful, and Plaintiff is entitled to refund of all excess safeguard duties it paid to Defendants, with interest.

## COUNT II

### (VIOLATION OF SECTION 203 OF THE TRADE ACT)

41. The allegations of paragraphs 1 through 40 are hereby incorporated by reference.

42. Section 203(e)(7) of the Trade Act of 1974 prohibits the United States from re-imposing a previously existing safeguard measure for a period of two years after its termination. *See* 19 U.S.C. § 2253(e)(7)(A)(ii).

43. *Proclamation* 10101 re-imposed a safeguard duty on bifacial CSPV modules less than two years after the prior action terminated. *Compare Bifacial Exclusion*, 84 Fed. Reg. at 27,685, *with Proclamation 10101*, 85 Fed. Reg. 65,639–42. The President's action, accordingly, constitutes an impermissible "new action" that violates Section 203(e)(7) of the Trade Act. See 19 U.S.C. § 2253(e)(7)(A)(ii), and must be set aside as an action involving "a clear misconstruction

Court No. 22-cv-00314 Complaint

of the governing statute, a significant procedural violation, or action outside delegated authority." *Silfab Solar, Inc. v. United States*, 892 F.3d 1340, 1346 (Fed. Cir. 2018).

## COUNT III

### (VIOLATION OF SECTION 201 OF THE TRADE ACT)

44. The allegations of paragraphs 1 through 43 are hereby incorporated by reference

45. Section 201(a) of the Trade Act of 1974 authorizes the President to take actions that he or she "determines will facilitate efforts by the domestic industry to make a positive adjustment to import competition and provide greater economic and social benefits than costs."  19 U.S.C. § 2251(a).  The President's authority, however, continues to be subject to Section 204's requirement that the action taken "provide greater economic and social benefits than costs."

46. *Proclamation 10101* fails to explain the President's approach to evaluating the relative economic and social benefits and costs and the conclusions reached that resulted in him modifying the safeguard measure at issue here.

47. Accordingly, the President failed to comply with the procedural and substantive requirements of the statute, and *Proclamation* 10101 must be set aside as action involving "a clear misconstruction of the governing statute, a significant procedural violation, or action outside delegated authority."  *Silfab*, 892 F.3d at 1346.

Court No. 22-cv-00314 | Complaint

## **DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF**

For the reasons provided above, Plaintiff respectfully requests:

(1) Enter Judgment in Plaintiff's favor;

(2) Issue a declaratory judgment that *Proclamation 10101*, as applied to REC Americas, is contrary to the laws of the United States, and is null and void;

(3) Order Defendants refund, with interest, any excess Section 201 safeguard duties collected from REC Americas under *Proclamation 10101*;

(4) Order Defendants reliquidate any of Plaintiff's entries that liquidated with the assessment of additional safeguard duties pursuant to the "null and void" *Proclamation 10101*, and refund Plaintiff the monies paid and collected, with interest; and

(5) Grant such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Andrew K. McAllister

Andrew K. McAllister
Ronald A. Oleynik
Dariya V. Golubkova
**HOLLAND & KNIGHT LLP**
800 17th Street NW, Suite 1100
Washington, DC 20006
Tel: (202) 469-5133
*Counsel for REC Americas LLC*

Dated: October 25, 2022